**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**TOBIAS WARD AND TERESA WARD, ET AL**                    **PLAINTIFFS**

**VERSUS**                          **CIVIL ACTION NO.: 1:17-CV-187 HSO-JSG**

**PHILANA HARRELL, KIMMERCE FAIRLEY,**
**CAROLYN O'BANNER, DENISE KRUM,**
**LANA HODA, SHIRESA ANDERSON,**
**JOY RICHARDSON HARRIS, MARY LOUIS CASTELLO,**
**PATRICIAL BURLESON, ANITA TWINER,**
**ANGELA FOUNTAIN AND ANGELA BOWER**                    **DEFENDANTS**

---

**ANSWER AND COUNTERCLAIM OF THE DEFENDANT PHILANA HARRELL**
**TO THE AMENDED COMPLAINT**

---

COMES NOW the Defendant, Philana Harrell, by and through her counsel of record,

Copeland, Cook, Taylor & Bush, P.A., and, pursuant to the provisions of the Federal Rules of

Civil Procedure, would respond to the Plaintiffs' Amended Complaint and assert a Counterclaim

as follows:

**FIRST DEFENSE**

The Amended Complaint fails to state a claim upon which relief may be granted as

against Defendant Harrell and must be dismissed pursuant to the provisions of Rule 12, Federal

Rules of Civil Procedure.  This Defendant would further show that there is no reasonable basis to

have joined her in this suit and this Defendant is entitled to damages (costs, attorney's fees and

sanctions) under the provisions of Rule 11, Fed. R. Civ. P., and the Mississippi Litigation

Accountability Act, MCA § 11-55-1.  Specifically, the Plaintiffs [through counsel] have made

defamatory and libelous claims per se and per quod against this Defendant in the Amended

**ANSWER OF PHILANA HARRELL**

Complaint which are absolutely and totally false and therefore are actionable.  Further, this Defendant, working in her capacity as a family protection worker for the Mississippi Department of Child Protection Services, is entitled to absolute and qualified immunity as her actions were clearly protected by Mississippi law, were objectively reasonable, and were in the best interest of the minor children.

## SECOND DEFENSE

Defendant Harrell is not liable for any alleged injuries or damages as alleged by the Plaintiffs based upon her absolute and qualified immunity and any and all other immunities, governmental or otherwise, which are available or afforded to her in her capacity as a family protection worker with the Mississippi Department of Child Protection Services.

## THIRD DEFENSE

The Plaintiffs' claims against Defendant Harrell are barred, precluded or limited by sovereign immunity, governmental immunity, qualified immunity and/or by any and all other immunities afforded to her under the laws of the United States and/or the State of Mississippi.

## FOURTH DEFENSE

To the extent applicable, this answering Defendant, as an "employee" of the "state," subject to the terms, conditions, protections and immunities of the provisions of the MISS. CODE ANN. § 11-46-1, *et seq*., otherwise known as the Mississippi Tort Claims Act, specifically incorporates all of the protections, immunities, and defenses contained therein, particularly and specifically, but not limited to, the protections of the Mississippi Tort Claims Act against suit beyond one (1) year, prematurity of suit, timeliness of suit, sufficiency or not of the "notice of claim" letter, suit against employees (individually) and the prohibitions thereof, protections

**ANSWER OF PHILANA HARRELL**

contained therein against recovery of punitive damages, attorney fees, interest and costs, and all exemptions to the waiver of immunity (incorporated by reference) contained in § 11-46-9 of the Mississippi Tort Claims Act, including MISS. CODE ANN. § 11-46-9(1)(d), and by specific incorporation all other limiting provisions of said Act available to this Defendant.

To the extent that this answering Defendant may specifically be entitled to dismissal pursuant to the provisions of Rule 12, FED. R. CIV. P., by virtue of any one or more of the provisions of the Mississippi Tort Claims Act, then the appearance of this Defendant is being made especially and for the purpose only of asserting said immunities and defenses without waiving any defenses available to this Defendant and further response to the Amended Complaint, joinder of issue, and/or general response, as to other issues herein.

## FIFTH DEFENSE

This answering Defendant would assert any and all statutes of limitation, limitation of actions, defenses in abatement, estoppel, laches and statutes of repose, including those provisions which may be available to this Defendant pursuant to the provisions of MISS. CODE ANN. § 11-46-1, *et seq*., in full avoidance of any and all claims or causes of action as against this answering Defendant.

## SIXTH DEFENSE

And now, answering the Amended Complaint paragraph by paragraph, and subject to any and all defenses asserted by this Defendant, affirmative and otherwise, this answering Defendant would show the following in response to the specific allegations of the Amended Complaint, to-wit:

**ANSWER OF PHILANA HARRELL**

## INTRODUCTION

In response to the first unnumbered Paragraph, entitled "Introduction," this answering Defendant admits that the Plaintiffs have commenced a civil action pursuant to 42 U.S.C. § 1983. This Defendant specifically denies that she violated any constitutional rights of the Plaintiffs and denies that the Plaintiffs are entitled to any relief whatsoever.  This answering Defendant specifically lacks sufficient information as acknowledge that the Plaintiffs were traveling home to Georgia from a church conference in Louisiana when the actions that are the subject of this lawsuit occurred, although that was communicated to this Defendant.  The remaining allegations contained in the first unnumbered Paragraph are denied.

## JURISDICTION AND VENUE

1.   This answering Defendant admits that the Plaintiffs have commenced a civil action pursuant to 42 U.S.C. § 1983 against this and other Defendants.  This Defendant specifically denies that she violated any constitutional rights of the Plaintiffs and denies that the Plaintiffs are entitled to any relief whatsoever.  The identities and residences of the Plaintiffs are denied for lack of sufficient information.  The remaining allegations contained in Paragraph 1 of the Amended Complaint are denied.

2.   This answering Defendant admits that the Plaintiffs have commenced a civil action pursuant to 42 U.S.C. § 1983 against this and other Defendants, and as such jurisdiction is proper in this Court.  However, this Defendant denies that she has violated any constitutional right of the Plaintiffs, in whole or in part, in said jurisdiction or that the Plaintiffs are entitled to any amount whatsoever from this Defendant in this or any jurisdiction.

**ANSWER OF PHILANA HARRELL**

3.   This answering Defendant admits that the Plaintiffs have alleged facts and circumstances of the claim occurred in Harrison County, Mississippi and as such, venue is proper in this Court.  However, this Defendant denies that she has violated any constitutional right of the Plaintiffs, in whole or in part, in said venue or that the Plaintiffs are entitled to any amount whatsoever from this Defendant in this or any venue.

## PARTIES

4.   Upon information and belief only, this answering Defendant admits that the Plaintiffs, Tobias Ward and Teresa Ward, are United States citizens.  This answering Defendant admits that the Plaintiff, Teresa Ward, is a parent of T.W., a minor child, who was 12 years old on July 24, 2014.  The remaining allegations contained in Paragraph 4 of the Amended Complaint are denied for lack of sufficient information.

5.   Upon information and belief only, this answering Defendant admits that the Plaintiffs, Ronald Brookshire and Debra Brookshire, are United States citizens.  This answering Defendant admits that the Plaintiffs, Ronald Brookshire and Debra Brookshire, are the parents of Ai.B. and Ao.B., minors, who were 6 and 3 years old (*contrary to the complaint*) respectively on July 24, 2014.  This answering Defendant admits that the Plaintiff, Debra Brookshire, is a parent of D.S., a minor child, who was 16 years old (*contrary to the complaint*) on July 24, 2014.  The remaining allegations contained in Paragraph 5 of the Amended Complaint are denied for lack of sufficient information.

6.   Upon information and belief only, this answering Defendant admits that the Plaintiff, Amy Spencer, is a United States citizen.  This answering Defendant admits that the Plaintiff, Amy Spencer, is a parent of Ax.E. and Ah.E., minor children, who were 14 and 10 years old

**ANSWER OF PHILANA HARRELL**

respectively on July 24, 2014.  The remaining allegations contained in Paragraph 6 of the Amended Complaint are denied for lack of sufficient information.

7.   This answering Defendant admits her identity, admits that she was a family protection worker employed by the Mississippi Department of Human Services located in Harrison County, Mississippi, and that she was acting in the course and scope of her employment at all times pertinent to the allegations of the Plaintiffs asserted against her.  This answering Defendant admits that the Plaintiffs allege she is sued in her personal capacity only.  The remaining allegations contained in Paragraph 7 of the Amended Complaint are denied.

8.   The allegations contained in Paragraph 8 do not appear to be directed toward this answering Defendant and therefore, no answer is required.  However, if this Defendant is mistaken, then said allegations contained in Paragraph 8 are denied for lack of sufficient information.

9.   The allegations contained in Paragraph 9 do not appear to be directed toward this answering Defendant and therefore, no answer is required.  However, if this Defendant is mistaken, then said allegations contained in Paragraph 9 are denied for lack of sufficient information.

10.   The allegations contained in Paragraph 10 do not appear to be directed toward this answering Defendant and therefore, no answer is required.  However, if this Defendant is mistaken, then said allegations contained in Paragraph 10 are denied for lack of sufficient information.

11.   The allegations contained in Paragraph 11 do not appear to be directed toward this answering Defendant and therefore, no answer is required.  However, if this Defendant is

**ANSWER OF PHILANA HARRELL**

mistaken, then said allegations contained in Paragraph 11 are denied for lack of sufficient information.

12.  The allegations contained in Paragraph 12 do not appear to be directed toward this answering Defendant and therefore, no answer is required.  However, if this Defendant is mistaken, then said allegations contained in Paragraph 12 are denied for lack of sufficient information.

13.  The allegations contained in Paragraph 13 do not appear to be directed toward this answering Defendant and therefore, no answer is required.  However, if this Defendant is mistaken, then said allegations contained in Paragraph 13 are denied for lack of sufficient information.

14.  The allegations contained in Paragraph 14 do not appear to be directed toward this answering Defendant and therefore, no answer is required.  However, if this Defendant is mistaken, then said allegations contained in Paragraph 14 are denied for lack of sufficient information.

15.  The allegations contained in Paragraph 15 do not appear to be directed toward this answering Defendant and therefore, no answer is required.  However, if this Defendant is mistaken, then said allegations contained in Paragraph 15 are denied for lack of sufficient information.

16.  The allegations contained in Paragraph 16 do not appear to be directed toward this answering Defendant and therefore, no answer is required.  However, if this Defendant is mistaken, then said allegations contained in Paragraph 16 are denied for lack of sufficient information.

**ANSWER OF PHILANA HARRELL**

17.  The allegations contained in Paragraph 17 do not appear to be directed toward this answering Defendant and therefore, no answer is required.  However, if this Defendant is mistaken, then said allegations contained in Paragraph 17 are denied for lack of sufficient information.

18.  The allegations contained in Paragraph 18 do not appear to be directed toward this answering Defendant and therefore, no answer is required.  However, if this Defendant is mistaken, then said allegations contained in Paragraph 18 are denied for lack of sufficient information.

## FACTS

19.  The allegations contained in Paragraph 19 of the Amended Complaint are denied for lack of sufficient information.

20.  The allegations contained in Paragraph 20 of the Amended Complaint are denied for lack of sufficient information.

21.  The allegations contained in Paragraph 21 of the Amended Complaint are denied for lack of sufficient information.

22.  Upon information and belief only, this answering Defendant admits that Adelia Seymour is the mother of the Plaintiff, Amy Spencer.  The remaining allegations contained in Paragraph 22 of the Amended Complaint are denied for lack of sufficient information.

23.  Upon information and belief only, this answering Defendant admits that Adelia Seymour is a grandmother of Amy Spencer's minor children, Ax.E. and Ah.E.  The remaining allegations contained in Paragraph 23 of the Amended Complaint are denied for lack of sufficient information.

**ANSWER OF PHILANA HARRELL**

24. This answering Defendant admits that Adelia Seymour was admitted to a hospital in Gulfport, MS.  The remaining allegations contained in Paragraph 24 of the Amended Complaint are denied for lack of sufficient information.

25. The allegations contained in Paragraph 25 of the Amended Complaint are denied for lack of sufficient information.

26. The allegations contained in Paragraph 26 of the Amended Complaint are denied for lack of sufficient information.

27. The allegations contained in Paragraph 27 of the Amended Complaint are denied for lack of sufficient information.

28. The allegations contained in Paragraph 28 of the Amended Complaint are denied for lack of sufficient information.

29. The allegations contained in Paragraph 29 of the Amended Complaint are denied for lack of sufficient information.

30. This answering Defendant admits that six (6) children (*contrary to the complaint*), including the minor Plaintiffs, Ax.E., Ah.E., and T.W., went out and claimed to be seeking donations for the ostensible purpose of acquiring resources for a "dance team" of some sort.   The remaining allegations contained in Paragraph 30 of the Amended Complaint are denied.

31. This answering Defendant admits that complaints were made to the police of several unsupervised juveniles panhandling for money in front of stores.  The remaining allegations are denied.

32. This answering Defendant admits that police officers transported the children to the police station.  The remaining allegations are denied.

**ANSWER OF PHILANA HARRELL**

33. This answering Defendant admits that the children were not charged with a crime related for their unsupervised panhandling.  The remaining allegations contained in Paragraph 33 of the Amended Complaint are denied for lack of sufficient information.

34. This answering Defendant admits that Plaintiff Amy Spencer, Plaintiff Debra Brookshire, and other adults came to the police station ostensibly to retrieve the children that had been apprehended for reasons related to "panhandling."  The remaining allegations are denied for lack of sufficient information.

35. This answering Defendant admits that she interviewed Plaintiff Amy Spencer, Plaintiff Debra Brookshire, and other adults at the police station.  The remaining allegations are denied.

36. This answering Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. This answering Defendant admits that she advised Plaintiff Amy Spencer that she needed to submit proof that she was the mother of Ax.E. and Ah.E.

38. The allegations contained in Paragraph 38 of the Amended Complaint are denied.

39. This answering Defendant admits that Plaintiff Amy Spencer was taken into custody for her disorderly conduct, amongst other charges.  This Defendant lacks sufficient knowledge as to whether said criminal charges against Plaintiff Amy Spencer were later dismissed.  The remaining allegations contained in Paragraph 39 are denied.

40. This answering Defendant admits that telephone contact was made by her with Plaintiff Teresa Ward.  The remaining allegations are denied for lack of sufficient information.

**ANSWER OF PHILANA HARRELL**

41. This answering Defendant admits that she advised Plaintiff Teresa Ward that her daughter, T.W., was panhandling without adult supervision. The remaining allegations contained in Paragraph 41 of the Amended Complaint are denied as phrased.

42. This answering Defendant denies the allegations contained in Paragraph 42 of the Amended Complaint as phrased.

43. The allegations contained in Paragraph 43 of the Amended Complaint are denied.

44. The allegations contained in Paragraph 44 of the Amended Complaint are denied.

45. The allegations contained in Paragraph 45 of the Amended Complaint are denied.

46. The allegations contained in Paragraph 46 of the Amended Complaint are denied.

47. The allegations contained in Paragraph 47 of the Amended Complaint are denied.

48. This answering Defendant admits that Plaintiff Debra Brookshire left the police station. The remaining allegations contained in Paragraph 48 are denied.

49. The allegations contained in Paragraph 49 of the Amended Complaint are denied.

50. This answering Defendant admits that Plaintiff Debra Brookshire's three children, allegedly, were at the Sleep Inn and that Plaintiff Ronald Brookshire was present at this hotel when this answering Defendant arrived at said hotel. The remaining allegations contained in Paragraph 50 of the Amended Complaint are denied.

51. This answering Defendant admits that she and other DHS family protection workers arrived to the Sleep Inn with police escorts pursuant to court order. The remaining allegations contained Paragraph 51 of the Amended Complaint are denied.

52. The allegations contained in Paragraph 52 of the Amended Complaint are denied.

53. The allegations contained in Paragraph 53 of the Amended Complaint are denied.

**ANSWER OF PHILANA HARRELL**

54. This answering Defendant admits that the police officers searched the hotel rooms. This answering Defendant lacks sufficient information as to whether the police officers searched the luggage and therefore denies said allegations. The remaining allegations contained in Paragraph 54 of the Amended Complaint are denied.

55. This answering Defendant admits that she informed Plaintiff Debra Brookshire that a verbal pick up order was issued by the Harrison County Youth Court Judge to take the children into custody. The remaining allegations contained in Paragraph 55 of the Amended Complaint are denied.

56. This answering Defendant admits that the pick up order of the Harrison County Youth Court Judge was verbal. The remaining allegations contained in Paragraph 56 of the Amended Complaint are denied.

57. The allegations contained in Paragraph 57 of the Amended Complaint are denied.

58. The allegations contained in Paragraph 58 of the Amended Complaint are denied.

59. The allegations contained in Paragraph 59 of the Amended Complaint are denied.

60. The allegations contained in Paragraph 60 of the Amended Complaint are denied.

61. The allegations contained in Paragraph 61 of the Amended Complaint are denied.

62. This answering Defendant admits that the Plaintiff parents were advised that they needed to present satisfactory proof of their children's identification, including birth certificates and social security cards, in addition to other forms of proof of identification. The remaining allegations are of Paragraph 62 of the Amended Complaint are denied.

63. This answering Defendant admits that Plaintiff Amy Spencer was arrested for illegal possession of a controlled substance, amongst other charges. The remaining allegations

**ANSWER OF PHILANA HARRELL**

contained in Paragraph 63 of the Amended Complaint are denied for lack of sufficient information.

64.  The allegations contained in Paragraph 64 of the Amended Complaint are denied for lack of sufficient information.

65.  This answering Defendant denies that Plaintiff Debra Brookshire presented family pictures from her home on Friday, July 25, 2014.  The remaining allegations contained in Paragraph 65 of the Amended Complaint are denied for lack of sufficient information.

66.  This answering Defendant denies that either Plaintiff Teresa Ward or Tobias Ward presented identification on Friday, July 25, 2014.  The remaining allegations contained in Paragraph 66 of the Amended Complaint are denied.

67.  This answering Defendant admits that Plaintiffs Debra Brookshire, Teresa Ward, and Tobias Ward, as well as other non-Plaintiff parents met with this Defendant and other DHS employees on Friday, July 25, 2014.  The remaining allegations contained in Paragraph 67 of the Amended Complaint are denied.

68.  The allegations contained in Paragraph 68 of the Amended Complaint are denied.

69.  The allegations contained in Paragraph 69 of the Amended Complaint are denied.

70.  The allegations contained in Paragraph 70 of the Amended Complaint are denied.

71.  The allegations contained in Paragraph 71 of the Amended Complaint are denied.

72.  The allegations contained in Paragraph 72 of the Amended Complaint are denied.

73.  This answering Defendant admits that different addresses for the children were given that could not be confirmed or verified.  The remaining allegations of Paragraph 73 of the Amended Complaint are denied.

**ANSWER OF PHILANA HARRELL**

74. The allegations contained in Paragraph 73 of the Amended Complaint are denied.

75. This answering Defendant admits that at the July 25, 2014 meeting, the parents were informed that a court date would be set within 72 hours of the children being taken into custody and that the parents would be informed when that date and time would be. The remaining allegations contained in Paragraph 75 of the Amended Complaint are denied.

76. The allegations contained in Paragraph 76 of the Amended Complaint are denied.

77. This answering Defendant admits that notice of the July 29, 2014 hearing was provided to all parties in interest, including counsel for the adult Plaintiffs. The remaining allegations contained in Paragraph 77 of the Amended Complaint are denied.

78. This answering Defendant admits that a shelter hearing took place with the Harrison County Youth Court on Tuesday, July 29, 2014. The remaining allegations contained in Paragraph 78 of the Amended Complaint are denied as phrased.

79. This answering Defendant specifically denies that she was being dishonest with any of the Plaintiffs at any time. The remaining allegations contained in Paragraph 79 of the Amended Complaint are denied.

80. This answering Defendant admits that it was proposed to the parents during the July 25, 2014 meeting that they submit to finger printing to prove and demonstrate their identifies. The remaining allegations contained in Paragraph 80 are denied.

81. This answering Defendant admits that she visited Adelia Seymour's hospital room on Friday, July 25, 2014 and that she was accompanied by police officers with the Gulfport Police Department. The remaining allegations contained in Paragraph 81 are denied.

**ANSWER OF PHILANA HARRELL**

82. The allegations contained in Paragraph 82 of the Amended Complaint are denied for lack of sufficient information.

83. The allegations contained in Paragraph 83 of the Amended Complaint are denied.

84. The allegations contained in Paragraph 84 of the Amended Complaint are denied.

85. This answering Defendant admits that she advised Adelia Seymour that the children were taken in DHS custody for panhandling without adult supervision and lack of identification. The remaining allegations contained in Paragraph 85 of the Amended Complaint are denied.

86. The allegations contained in Paragraph 86 of the Amended Complaint are denied.

87. The allegations contained in Paragraph 87 of the Amended Complaint are denied.

88. The allegations contained in Paragraph 88 of the Amended Complaint are denied for lack of sufficient information.

89. This answering Defendant denies that she told any of the alleged parents or adults that a/the hearing was set for Wednesday or Thursday.  This answering Defendant admits that notice of the July 29, 2014 hearing was provided to all parties in interest, including counsel for the adult Plaintiffs.  The remaining allegations contained in Paragraph 89 of the Amended Complaint are denied.

90. The allegations contained in Paragraph 90 of the Amended Complaint are admitted.

91. The allegations contained in Paragraph 91 of the Amended Complaint are denied.

92. The allegations contained in Paragraph 92 of the Amended Complaint are denied.

93. This answering Defendant admits that on July 29, 2014, the Court entered an order which granted legal custody of the plaintiff minor children to the Harrison County DHS.  The remaining allegations contained in Paragraph 94 of the Amended Complaint are denied.

**ANSWER OF PHILANA HARRELL**

94.  This answering Defendant admits that on July 29, 2014, the Court granted DHS additional time to complete its investigation.  The remaining allegations of Paragraph 94 of the Amended Complaint are denied as phrased.

95.  This answering Defendant admits that on July 29, 2014, the Court entered an order which granted legal custody of the minor children Plaintiffs to the Harrison County DHS.  The remaining allegations contained in Paragraph 95 of the Amended Complaint are denied for lack of sufficient information.

96.  This answering Defendant admits that on July 29, 2014, the Court entered an order which granted legal custody of the minor children Plaintiffs to the Harrison County DHS.  This answering Defendant admits that minor Plaintiffs T.W., D.S., Ai.B., Ao.B., Ax.E. and Ah.E. were subsequently placed in licensed foster care homes and/or with relatives.  The remaining allegations contained in Paragraph 96 of the Amended Complaint are denied.

97.  The allegations contained in Paragraph 97 of the Amended Complaint are denied.

98.  The allegations contained in Paragraph 98 of the Amended Complaint are denied for lack of sufficient information.

99.  The allegations contained in Paragraph 99 of the Amended Complaint are denied due to lack of sufficient information.

100.  This answering Defendant admits that on August 27, 2014, Plea Hearings were held, which included the adult Plaintiffs.  The remaining allegations are denied.

101.  This answering Defendant admits that at the August 27, 2014 hearings, the FBI separately asked to speak with Plaintiffs Amy Spencer and Debra Brookshire, to which the

**ANSWER OF PHILANA HARRELL**

Plaintiffs agreed.  The remaining allegations contained in Paragraph 101 of the Amended Complaint are denied.

102.  This answering Defendant admits that on August 27, 2014, the FBI separately spoke with Plaintiffs Amy Spencer and Debra Brookshire.  This answering Defendant lacks sufficient knowledge to admit or deny that each meeting lasted over half an hour and therefore denies said allegation.  The remaining allegations contained in Paragraph 102 of the Amended Complaint are denied.

103.  The allegations contained in Paragraph 103 of the Amended Complaint are denied for lack of sufficient information.

104.  The allegations contained in Paragraph 104 of the Amended Complaint are denied for lack of sufficient information.

105.  The allegations contained in Paragraph 105 of the Amended Complaint are denied for lack of sufficient information.

106.  The allegations contained in Paragraph 106 of the Amended Complaint are denied for lack of sufficient information.

107.  The allegations contained in Paragraph 107 of the Amended Complaint are denied.

108.  The allegations contained in Paragraph 108 of the Amended Complaint are denied for lack of sufficient information.

109.  The allegations contained in Paragraph 109 of the Amended Complaint are denied for lack of sufficient information.

110.  The allegations contained in Paragraph 110 of the Amended Complaint are denied for lack of sufficient information.

**ANSWER OF PHILANA HARRELL**

111.  This answering Defendant admits that prior to August 27, 2014, she met with the ostensible biological father of minor Plaintiffs Ax.E. and Ah.E. and the ostensible biological father of the minor Plaintiff D.S.  This answering Defendant lacks sufficient information as to whether FBI investigators met with the biological father of minor Plaintiffs Ax.E. and Ah.E. and the biological father of the minor Plaintiff D.S. and therefore denies said allegations.  The remaining allegations contained in Paragraph 111 of the Amended Complaint are denied.

112.  The allegations contained in Paragraph 112 of the Amended Complaint are denied.

113.  This answering Defendant admits that on August 27, 2014, the Court ordered that legal custody of the minor Plaintiffs was to remain with the DHS.  The remaining allegations are denied.

114.  This answering Defendant admits that a status hearing was held on September 2, 2014.  The remaining allegations contained in Paragraph 114 of the Amended Complaint are denied.

115.  The allegations contained in Paragraph 115 of the Amended Complaint are denied.

116.  This answering Defendant admits that criminal background information on each adult Plaintiff, including Debra Brookshire, was presented to the Court on September 2, 2014.  The remaining allegations contained in Paragraph 116 of the Amended Complaint are denied as phrased.

117.   This answering Defendant affirmatively and specifically denies that she made any false claims to the Youth Court at any time.  The remaining allegations contained in Paragraph 117 of the Amended Complaint are denied.

118.  The allegations contained in Paragraph 118 of the Amended Complaint are denied.

**ANSWER OF PHILANA HARRELL**

119.  This answering Defendant admits that criminal background information on each adult Plaintiff, including Ronald Brookshire, was presented to the Court on September 2, 2014. The remaining allegations contained in Paragraph 119 of the Amended Complaint are denied as phrased.

120.  The allegations contained in Paragraph 120 of the Amended Complaint are denied for lack of sufficient information.

121.  The allegations contained in Paragraph 121 of the Amended Complaint are denied for lack of sufficient information.

122.  This answering Defendant admits that on September 2, 2014, the Court ordered that the minor Plaintiffs, Ax.E. and Ah.E., be placed in the home of their biological father, Adrian Edwards.  The remaining allegations contained in Paragraph 122 of the Amended Complaint are denied as phrased.

123.  This answering Defendant admits that on September 2, 2014, the Court ordered that the minor Plaintiff, D.S., be placed in the home of her biological father, John Straight, Sr.  This answering Defendant admits that John Straight, Sr. had previously been discharged from his job as a police officer.  The remaining allegations contained in Paragraph 123 of the Amended Complaint are denied.

124.  The allegations contained in Paragraph 124 of the Amended Complaint are denied.

125.  The allegations contained in Paragraph 125 of the Amended Complaint are denied.

126.  The allegations contained in Paragraph 126 of the Amended Complaint are denied.

127.  The allegations contained in Paragraph 127 of the Amended Complaint are denied.

**ANSWER OF PHILANA HARRELL**

128.  The allegations contained in Paragraph 128 of the Amended Complaint are denied for lack of sufficient information.

129.  The allegations contained in Paragraph 129 of the Amended Complaint are denied.

130.  The allegations contained in Paragraph 130 of the Amended Complaint are denied.

131.  This answering Defendant admits that on September 2, 2014, the Court ordered that legal custody of the minor Plaintiff, T.W., was to remain placed with the Harrison County DHS, Division of Family and Children Services, Office of Social Services, in her current foster care placement.  The remaining allegations contained in Paragraph 131 of the Amended Complaint are denied.

132.  This answering Defendant admits that on September 2, 2014, the Court ordered that the minor Plaintiffs, Ax.E. and Ah.E., be placed in the home of their biological father, Adrian Edwards.  The remaining allegations contained in Paragraph 132 of the Amended Complaint are denied as phrased.

133.  The allegations contained in Paragraph 133 of the Amended Complaint are denied due to lack of sufficient knowledge.

134.  This answering Defendant admits that she scheduled a visitation for September 26, 2014 between Teresa Ward, Tobias Ward, and the minor Plaintiff, T.W.  This answering Defendant admits that this visitation was later changed to September 29, 2014.  The remaining allegations contained in Paragraph 134 of the Amended Complaint are denied.

135.  The allegations contained in Paragraph 135 of the Amended Complaint are denied.

136.  This answering Defendant admits that the next hearing was held on October 9, 2014.  The remaining allegations are denied as phrased.

**ANSWER OF PHILANA HARRELL**

137.   The allegations contained in Paragraph 137 of the Amended Complaint are denied.

138.   The allegations contained in Paragraph 138 of the Amended Complaint are denied.

139.   This answering Defendant admits that on October 9, 2014, the Court ordered that the minor Plaintiff, D.S., was to remain in legal custody of Harrison County DHS for placement with her father, John Straight.  This answering Defendant admits that the Court additionally ordered that the minor Plaintiffs, Ai.B. and Ao.B., were to remain in temporary custody with Harrison County DHS in relative placement with the Plaintiff, Debra Brookshire.  The remaining allegations contained in Paragraph 139 of the Amended Complaint are denied.

140.   The allegations contained in Paragraph 140 of the Amended Complaint are denied.

141.   This answering Defendant admits that on October 9, 2014, the Court ordered that the minor Plaintiffs, Ai.B. and Ao.B., were to remain in temporary custody with Harrison County DHS in relative placement with the Plaintiff, Debra Brookshire.  The remaining allegations contained in Paragraph 139 of the Amended Complaint are denied as phrased.

142.   This answering Defendant admits that the minor Plaintiffs, Ai.B. and Ao.B., remained in temporary custody with Harrison County DHS in foster care placement for 77 days. The remaining allegations contained in Paragraph 142 of the Amended Complaint are denied.

143.   The allegations contained in Paragraph 143 of the Amended Complaint are denied.

144.   This answering Defendant admits that on October 9, 2014, the Court ordered that the minor Plaintiff, T.W., was to remain in temporary custody with Harrison County DHS in relative placement with the Plaintiffs, Teresa Ward and Tobias Ward, and further ordered that they were to enter into a Service Agreement with DHS, obtain and maintain stable housing and employment, take T.W. to a doctor for any updated medical and dental appointments, fully

**ANSWER OF PHILANA HARRELL**

cooperate with the Georgia DHS and CASA.  This answering Defendant further admits that the

Court ordered the Plaintiffs, Teresa Ward and Tobias Ward, were enjoined from using the child

for panhandling or money raising purposes, that they were to immediately enroll T.W. in a public

school and provide proof of attendance, and Plaintiff, Tobias Ward, was to take care of any

outstanding tickets and/or warrants and provide proof of satisfaction.  The remaining allegations

contained in Paragraph 144 of the Amended Complaint are denied.

145.  This answering Defendant admits that the minor Plaintiff, T.W., remained in

temporary custody with Harrison County DHS in foster care placement for approximately 77

days.  The remaining allegations contained in Paragraph 145 of the Amended Complaint are

denied.

146.  This answering Defendant admits that on October 9, 2014, the Court ordered the

Plaintiff, Amy Spencer, to submit to a drug screen on the same date at her expense.  The

remaining allegations in Paragraph 146 of the Amended Complaint are denied.

147.  The allegations contained in Paragraph 147 of the Amended Complaint are denied.

148.  The allegations contained in Paragraph 148 of the Amended Complaint are denied.

149.  The allegations contained in Paragraph 149 of the Amended Complaint are denied.

150.  The allegations contained in Paragraph 150 of the Amended Complaint are denied.

151.  The allegations contained in Paragraph 151 of the Amended Complaint are denied

for lack of sufficient information.

152.  The allegation contained in Paragraph 152 of the Amended Complaint that an

attorney for several of the families wrote a letter on October 21, 2014 regarding Defendant

Harrell is denied for lack of sufficient information.  This answering Defendant specifically denies

**ANSWER OF PHILANA HARRELL**

any allegation that she lacked objectivity and would affirmatively show that she was advocating for the safety and welfare of the children.

153.  The allegation contained in Paragraph 153 of the Amended Complaint that an attorney for several of the families wrote a letter on October 21, 2014 regarding Defendant Harrell is denied for lack of sufficient information.  This answering Defendant specifically denies all allegations that she lied to the minor Plaintiff children, criticized the adult Plaintiffs to the minor Plaintiff children, or told any minor Plaintiff child that the adult Plaintiffs did not want them anymore.  Such assertions are completely false.

154.  The allegations contained in Paragraph 154 of the Amended Complaint are denied for lack of sufficient information.

155.  The allegations contained in Paragraph 155 of the Amended Complaint are denied for lack of sufficient information.

156.  The allegations contained in Paragraph 156 of the Amended Complaint are denied.

157.  This answering Defendant admits that a hearing was held on December 4, 2014. The remaining allegations of Paragraph 157 of the Amended Complaint are denied as phrased.

158.  The allegations contained in Paragraph 158 of the Amended Complaint are denied for lack of sufficient information.

159.  The allegations contained in Paragraph 159 of the Amended Complaint are denied for lack of sufficient information.

160.  The allegations contained in Paragraph 160 of the Amended Complaint are denied for lack of sufficient information.

**ANSWER OF PHILANA HARRELL**

161.  The allegations contained in Paragraph 161 of the Amended Complaint are denied for lack of sufficient information.

162.  The allegations contained in Paragraph 162 of the Amended Complaint are denied for lack of sufficient information.

163. The allegations contained in Paragraph 163 of the Amended Complaint are denied for lack of sufficient information.

164.  This answering Defendant denies that on December 4, 2014 she objected to releasing Spencer's children to her.  The remaining allegations contained in Paragraph 164 of the Amended Complaint are denied for lack of sufficient information.

165.  This answering Defendant admits that on December 9, 2014, the Court ordered that legal custody of the minor Plaintiffs, Ax.E. and Ah.E., were returned to her to begin at Christmas break.  The remaining allegations contained in Paragraph 165 of the Amended Complaint are denied.

166.  The allegations contained in Paragraph 166 of the Amended Complaint are denied for lack of sufficient information.

167.  The allegations contained in Paragraph 167 of the Amended Complaint are denied for lack of sufficient information.

168.  This answering Defendant admits that the minor Plaintiffs, Ax.E. and Ah.E., remained in temporary custody with Harrison County DHS in foster care and relative placement for 148 days.  The remaining allegations contained in Paragraph 168 of the Amended Complaint are denied.

**ANSWER OF PHILANA HARRELL**

169.  This answering Defendant admits that she separated from the Mississippi Department of Human Services, but denies that her separation was in any way related to the issues involving the Plaintiffs.  The remaining allegations contained in Paragraph 169 of the Amended Complaint are denied.

170.  The allegations contained in Paragraph 170 of the Amended Complaint are denied.

171.  The allegations contained in Paragraph 171 of the Amended Complaint are denied.

172.  This answering Defendant admits that the minor Plaintiff, T.W., remained in temporary custody with Harrison County DHS in foster care placement for approximately 77 days.  The remaining allegations contained Paragraph 172 of the Amended Complaint are denied.

173.  The allegations contained in Paragraph 173 of the Amended Complaint are denied.

174.  The allegations contained in Paragraph 174 of the Amended Complaint are denied.

175.  This answering Defendant admits that the minor Plaintiffs, Ai.B. and Ao.B., remained in temporary custody with Harrison County DHS in the youth shelter and in foster care placement for a total of 77 days.  The remaining allegations contained Paragraph 175 of the Amended Complaint are denied.

176.  This answering Defendant admits that the minor Plaintiffs, Ax.E. and Ah.E., remained in temporary custody with Harrison County DHS in foster care and relative placement for a total of approximately 148 days.  The remaining allegations contained Paragraph 176 of the Amended Complaint are denied.

177.  This answering Defendant admits that the minor Plaintiffs, Ax.E. and Ah.E., remained in temporary custody with Harrison County DHS in foster care and relative placement

for a total of approximately 148 days.  The remaining allegations contained Paragraph 177 of the

Amended Complaint are denied.

## FIRST CAUSE OF ACTION

**Violation of Fourth Amendment - Initial Seizure without Justification**
**(Claimed by Plaintiffs T.W., Ax.E., and Ah.E. at the police station)**

178.  This answering Defendant reasserts and incorporates her answers to Paragraphs 1

through 177 of the Amended Complaint.

179.  The allegations contained in Paragraph 179 of the Amended Complaint are denied.

## SECOND CAUSE OF ACTION

**Violation of Fourteenth Amendment - Initial Seizure without Justification**
**(Claimed by Plaintiffs Tobias and Teresa Ward and Amy Spencer at the**
**police station)**

180.  This answering Defendant reasserts and incorporates her answers to Paragraphs 1

through 179 of the Amended Complaint.

181.  The allegations contained in Paragraph 181 of the Amended Complaint are denied.

## THIRD CAUSE OF ACTION

**Violation of Fourth Amendment - Initial Seizure Without Justification**
**(Claimed by Plaintiffs Ai.B. and Ao.B. at the hotel)**

182.  This answering Defendant reasserts and incorporates her answers to Paragraphs 1

through 181 of the Amended Complaint.

183.  The allegations contained in Paragraph 183 of the Amended Complaint are denied.

## FOURTH CAUSE OF ACTION

**Violation of Fourteenth Amendment - Initial Seizure without Justification**
**(Claimed by Plaintiffs Ronald and Debra Brookshire at the hotel)**

184.  This answering Defendant reasserts and incorporates her answers to Paragraphs 1

**ANSWER OF PHILANA HARRELL**

through 183 of the Amended Complaint.

185.  The allegations contained in Paragraph 185 of the Amended Complaint are denied.

## FIFTH CAUSE OF ACTION

### Violation of Fourth Amendment - Unreasonable and Unjustified Continued Detention
### (Claimed by Plaintiffs T.W., Ax.E., Ah.E., Ai.B., and Ao.B.)

186.  This answering Defendant reasserts and incorporates her answers to Paragraphs 1 through 185 of the Amended Complaint.

187.  The allegations contained in Paragraph 187 of the Amended Complaint are denied.

## SIXTH CAUSE OF ACTION

### Violation of Fourteenth Amendment - Continued Detention without Justification
### (Claimed by all Plaintiffs)

188.  This answering Defendant reasserts and incorporates her answers to Paragraphs 1 through 187 of the Amended Complaint.

189.  The allegations contained in Paragraph 189 of the Amended Complaint are denied.

190.  The allegations contained in Paragraph 190 of the Amended Complaint are denied.

191.  The allegations contained in Paragraph 191 of the Amended Complaint are denied.

192.  The allegations contained in Paragraph 192 of the Amended Complaint are denied.

193.  The allegations contained in Paragraph 193 of the Amended Complaint, including its subparagraphs a. through c., are denied.

## PRAYERS FOR RELIEF

194.  In answer to the final unnumbered paragraph beginning "WHEREFORE," this answering Defendant denies said paragraph, including its subparagraphs 1) through 5), denies

**ANSWER OF PHILANA HARRELL**

that the Plaintiffs are entitled to any sum or amount whatsoever from this Defendant, denies that

the Plaintiffs are entitled to punitive damages, and denies that the Plaintiffs are entitled to any

relief whatsoever.

### SEVENTH DEFENSE

Affirmatively and alternatively, this answering Defendant denies each and every material

allegation of the Amended Complaint which has not been specifically admitted, regardless of

paragraph number or lack thereof or paragraph letter or lack thereof.

### EIGHTH DEFENSE

The sole proximate and/or contributing cause of any damage and/or injury to the

Plaintiffs or of the incidents or actions sued upon were the acts, conduct, and/or omissions,

negligent, intentional, or otherwise, of the Plaintiffs themselves or those in loco parentis with the

minor Plaintifffs, including, but not limited to, Tobias Ward, Teresa Ward, Ronald Brookshire,

Debra Brookshire, and Amy Spencer, or others for which this Defendant is not responsible or

liable.

### NINTH DEFENSE

This Defendant was justified in any and all actions taken or not taken and any and all

alleged conduct exhibited by her and is entitled to absolute and/or qualified immunity, and, to the

extent applicable, immunity under the provisions of Mississippi law, including MISS. CODE ANN.

§ 11-46-9(1)(d) and MISS. CODE ANN. § 43-21-366.

**ANSWER OF PHILANA HARRELL**

## TENTH DEFENSE

The damages of the Plaintiffs, if any, are due to one or more pre-existing conditions, lesions, or diseases and/or other conditions unrelated to the incident(s) sued upon for which this Defendant is not responsible or liable.

## ELEVENTH DEFENSE

The sole proximate cause and/or proximate contributing cause of the Plaintiffs' damages or injuries, if any, or of the incidents or actions sued upon was the acts, conduct, and/or omissions, negligent, intentional, or otherwise, of the Plaintiffs, including, but not limited to, Tobias Ward, Teresa Ward, Ronald Brookshire, Debra Brookshire, and Amy Spencer.

## TWELFTH DEFENSE

Affirmatively and alternatively, if the acts, conduct, and/or omissions, negligent, intentional, or otherwise, of the Plaintiffs, including, but not limited to, Tobias Ward, Teresa Ward, Ronald Brookshire, Debra Brookshire, and Amy Spencer, were not the sole proximate cause of the damages or injuries of the Plaintiffs, if any, said acts, conduct, and/or omissions, negligent, intentional, or otherwise, were a contributing cause of their damages or injuries, if any.

## THIRTEENTH DEFENSE

The Plaintiffs' damages, if any, are totally or partially due to the acts or omissions of third parties for whom this Defendant is not liable or responsible, partially or otherwise.

## FOURTEENTH DEFENSE

Affirmatively and alternatively, this answering Defendant would adopt and incorporate the provisions of MISS. CODE ANN. § 85-5-7 as to her liability, if any, as joint and/or several tort feasor, and in the event that liability is recognized as against this answering Defendant, then said

**ANSWER OF PHILANA HARRELL**

liability should be apportioned pursuant to the statute and this Defendant reserves the right to seek recovery, pursuant to the statute, from any other party or individual, known or unknown, to the extent provided by Mississippi law.

## FIFTEENTH DEFENSE

This Defendant asserts all rights of credit, set-off, indemnification, and/or contribution which she may have pursuant to the laws of the State of Mississippi.

## SIXTEENTH DEFENSE

The Plaintiffs failed to minimize and/or mitigate their damages, if any.  Further, the actions of the adult Plaintiffs, as well as others who are not parties to this lawsuit, were the motivating factor leading up to the events complained of, and as such, they caused any reaction of the Defendant and afforded the family protection workers, including this Defendant, reasonable grounds or suspicion to assume an adversarial role and advocate for the Plaintiffs' children.  As a consequence of the conduct and statements of the adult Plaintiffs and others, Defendant Harrell acted reasonably and is immune from suit for any of the reasons alleged, and the Plaintiffs are the sole or substantial cause of their claims for damages or injury and they cannot recover from this or any other Defendant on these facts or circumstances.

## SEVENTEENTH DEFENSE

Any injuries or damages sustained by the Plaintiffs were caused by risks assumed by the adult Plaintiffs and others in engaging in illegal, irresponsible, and/or deceptive conduct that was not in the best interest of the minor Plaintiff children, none of which this Defendant is either responsible or liable for.

**ANSWER OF PHILANA HARRELL**

## EIGHTEENTH DEFENSE

The actions, or failure(s) to act, of third or other parties were an independent intervening cause or a superceding cause of the Plaintiffs' damages or injuries, if any.

## NINETEENTH DEFENSE

The damages claimed by the Plaintiffs are not related to the alleged incident(s) sued upon.

## TWENTIETH DEFENSE

This Defendant acted in good faith with regard to any and all actions taken or omitted by her.

## TWENTY-FIRST DEFENSE

The actions or inactions of the Defendant were objectively reasonable and justified in light of all the circumstances.

## TWENTY-SECOND DEFENSE

This Defendant claims and affirmatively asserts any and all privileges, qualified, good faith, absolute, or otherwise, which she may be entitled to receive or are conferred with under any law with regard to any and all statements made and actions or omissions taken or attributed to them.

## TWENTY-THIRD DEFENSE

At all times, Defendant Harrell acted in good faith with a reasonable belief that her alleged actions or inactions were lawful, appropriate, necessary and permitted by law and were not conducted or done with malice.

**ANSWER OF PHILANA HARRELL**

## TWENTY-FOURTH DEFENSE

At all times, Defendant Harrell acted in accordance with and/or pursuant to the statutes of the State of Mississippi and/or in the capacity as an agent thereof, and this Defendant therefore asserts absolute immunity with regard to all actions, inactions, and conduct alleged in the Amended Complaint and would further assert any and all other immunities, qualified, absolute, or otherwise, in any way associated therewith.

## TWENTY-FIFTH DEFENSE

To the extent applicable, this Defendant affirmatively asserts the defense of sovereign immunity.

## TWENTY-SIXTH DEFENSE

At all times alleged in the Amended Complaint and/or in question, Defendant Harrell was acting within her discretionary authority as a public official and in good faith with reasonable belief that her actions, inactions, and/or conduct was lawful.

## TWENTY-SEVENTH DEFENSE

Defendant Harrell affirmatively asserts the defenses of good faith immunity and qualified immunity.

## TWENTY-EIGHTH DEFENSE

The Plaintiffs have failed to properly and sufficiently plead or assert their alleged claims against this Defendant with the factual particularity and specificity required by law in order to overcome this Defendant's immunities, qualified, sovereign, or otherwise.

**ANSWER OF PHILANA HARRELL**

## TWENTY-NINTH DEFENSE

Affirmatively and alternative, this answering Defendant asserts the doctrine of comparative and contributory fault and negligence.

## THIRTIETH DEFENSE

At the conclusion of this cause or when any claim for relief is dismissed during the pendency of this proceeding, this Defendant is entitled to, *inter alia*, an award of all costs, expenses, and fees associated with defending this matter, including, without limitation, attorneys' fees.

## THIRTY-FIRST DEFENSE

This Defendant asserts that punitive damages are unconstitutional and should not be obtained or granted or awarded, and are, at the minimum, subject to a bifurcated proceeding under Mississippi law.  Alternatively, and to the extent applicable, punitive damages are legally barred.  See e.g., Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); MISS. CODE ANN. § 11-46-15 (2001).

## THIRTY-SECOND DEFENSE

Punitive damages are prohibited and/or are limited under the United States Constitution and/or the Mississippi Constitution and/or would be unduly burdensome, unfair, excessive, and/or inequitable under the United States Constitution, including, but not limited to, the Eighth and/or Fourteenth Amendments of the United States Constitution, and/or the Mississippi Constitution.

**ANSWER OF PHILANA HARRELL**

## THIRTY-THIRD DEFENSE

The Plaintiffs are barred by federal and/or state law or otherwise from recovering any punitive or exemplary damages from or against this Defendant herein and to claim otherwise is frivolous.

## THIRTY-FOURTH DEFENSE

To the extent applicable, the Plaintiffs' claims are barred by the good faith immunity defense provided by MISS. CODE ANN. § 43-21-355.

## THIRTY-FIFTH DEFENSE

At all relevant times, this Defendant did not act maliciously, arbitrarily or capriciously.

## THIRTY-SIXTH DEFENSE

At all relevant times, this Defendant acted reasonably and in accordance with the law and did not breach any duty owed to the Plaintiffs.

## THIRTY-SEVENTH DEFENSE

At all relevant times, this Defendant used the degree of care required of her under the law and is not liable in damages to the Plaintiffs.

## THIRTY-EIGHTH DEFENSE

The Plaintiffs have failed to join a necessary and/or indispensable party.

## COUNTERCLAIM OF DEFENDANT PHILANA HARRELL

Comes Now, the Defendant, Philana Harrell, by and through her counsel of record, Copeland, Cook, Taylor & Bush, P.A., and makes the following counterclaim.

**ANSWER OF PHILANA HARRELL**

**Counterclaim One - Libel Per Se**

1.  In their Amended Complaint, the Plaintiffs have made statements about Defendant Harrell which are knowingly and intentionally false.

2.  In particular, the Plaintiffs clearly and unmistakably state that after the minor Plaintiff, D.S., was placed in the custody of her biological father, Defendant Harrell began and conducted a romantic relationship for several months with the biological father of the minor Plaintiff, D.S., including sleeping with him in the same room as D.S.

3.  The Plaintiffs published and stated these defamatory and false statements in the Amended Complaint, which is a matter of public record.

4.  The foregoing statements made by the Plaintiffs in their Amended Complaint regarding Defendant Harrell were made with knowledge that they were false or were made with reckless disregard of the truth.

5.  The Plaintiffs' statements which have accused Defendant Harrell of being unchaste are actionable per se.

6.  The Plaintiffs' statements are not material or relevant to the 42 U.S.C. § 1983 claims of the Plaintiffs.

**Request for Relief**

7.  Wherefore, Defendant Philana Harrell requests that this Court:

> A.  Award her compensatory damages;
>
> B.  Award her punitive damages;
>
> C.  Award her attorney's fees; and,
>
> D.  Award her such other relief as this Court deems appropriate and just.

**ANSWER OF PHILANA HARRELL**

And now, having fully answered the Amended Complaint exhibited against her, and asserting her Counterclaim against the Plaintiffs, this Defendant prays to be dismissed with the proper costs and attorney's fees herein.

Respectfully submitted, this the 11th day of September, 2017.

**PHILANA HARRELL**

BY:   COPELAND, COOK, TAYLOR & BUSH, P.A.

BY:   /S/ WILLIAM E. WHITFIELD, III
          Mississippi Bar No. 7161
          /S/ KAARA L. LIND
          Mississippi Bar No. 10604

**ANSWER OF PHILANA HARRELL**

---

## CERTIFICATE OF SERVICE

---

I hereby certify that on September 11, 2017, I electronically filed the foregoing with the

Clerk of the Court using the ECF system which sent notification of such filing to the following:

D. Scott Gibson, Esq.
scott@dscottgibsonlaw.com
Darren A. Jones, Esq.
darren@hslda.org
James R. Mason III, Esq.
jim@hslda.org
Peter Kamakawiwoole Jr., Esq.
peterk@hslda.org
**Attorneys for Plaintiffs**

Stephen G. Peresich, Esq.
stephen.peresich@pmp.org
Johanna M. McMullan, Esq.
johanna.mcmullan@pmp.org
**Attorney for Defendants,**
**Kimmerce Fairley, Patricia Burleson,**
**Anita Twiner, Denise Krum, Lana Hoda**
**Angela Fountain, Angela Bower**
**and Mary Louis Castello**

Harold E Pizzetta, Esq.
hpizz@ago.state.ms.us
**Attorney for Defendants,**
**Carolyn O'Banner,**
**Mary Louis Castello**
**and Patricia Burleson**

I hereby certify that I have mailed by United States Postal Service the document to the

following non-ECF participants: None.

/S/ WILLIAM E. WHITFIELD, III
/S/ KAARA L. LIND


William E. Whitfield, III
Kaara L. Lind
COPELAND, COOK, TAYLOR & BUSH, P.A.
2781 C. T. Switzer Sr. Drive
Biloxi, MS 39531
P.O. Box 10
Gulfport, Mississippi  39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526

**ANSWER OF PHILANA HARRELL**