IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TOBIAS WARD, *ET AL.*                                                                   PLAINTIFFS

VS.                                         CIVIL ACTION NO.: 1:17-CV-187-HSO-JCG

PHILANA HARRELL, *ET AL.*                                             DEFENDANTS

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Plaintiffs, by and through counsel, file this Memorandum supporting their Motion to Dismiss [Dkt. # 39].

### I.     Introduction

Defendant Harrell alleges that Plaintiffs made statements about Defendant Harrell in their Amended Complaint which are knowingly and intentionally false and which are libel per se. As a matter of law, Defendant's Counterclaim (Dkt. # 28 – hereinafter "Claim") fails to allege sufficient facts to support a cause of action for libel and should be dismissed under FRCP 12(b)(6).

### II.     Allegations of the Counterclaim

Plaintiffs filed an Amended Complaint on June 29, 2017, alleging that Defendant Harrell and other Mississippi Department of Human Services defendants wrongfully seized children from their parents, and then made

1

misrepresentations to the juvenile court numerous times to keep the children from being returned. (See Amended Complaint, Dkt. # 3, generally.)

In her Answer and Counterclaim, Defendant Harrell claims that Plaintiffs' Amended Complaint contains statements about her which are knowingly and intentionally false. [Claim ¶ 1]

Defendant Harrell claims that the Plaintiffs state in their Amended Complaint that "after the minor Plaintiff, D.S., was placed in the custody of her biological father, Defendant Harrell began and conducted a romantic relationship for several months with the biological father of the minor Plaintiff, D.S., including sleeping with him in the same room as D.S." [Claim ¶ 2] Defendant Harrell then claims that those statements "were made with knowledge that they were false or were made with reckless disregard of the truth." [Claim ¶ 4]

### III. Standard of Review for a Motion to Dismiss

Defendant Harrell's counterclaim is analyzed under Federal Rule of Civil Procedure 12(b)(6), which requires that a plaintiff must state a claim upon which relief can be granted or the complaint may be dismissed with prejudice as a matter of law. The claim must be supported by enough facts to show "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court further ruled that to meet this standard, a complaint must include more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 553 (2007). A plaintiff cannot simply rely on "a formulaic recitation of the elements of a cause of action…," *Id.* at 555, which is what Defendant Harrell has done in this case. In the Fifth Circuit, "dismissal of defamation suits for failure of the complaint to state a cause of action…*occurs with relative frequency*." *Mitchell v. Random House, Inc.*, 703 F. Supp. 1250, 1255, fn. 10 (S.D. Miss. 1988)(emphasis added).

A claim is only facially plausible when a plaintiff pleads factual content which allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Where a complaint pleads facts which are "merely consistent with" a defendant's liability, "it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal citations and quotations omitted).

**IV.   Argument**

Defendant Harrell's counterclaim for defamation should be dismissed in accordance with the clearly-established law, both federal and state, governing judicial complaints. "Statements made in connection with judicial proceedings, including pleadings, are, if *in any way relevant* to the subject matter of the action, absolutely privileged and immune from attack as defamation, even if such statements are made maliciously and with knowledge of their falsehood." *McCorkle v. McCorkle*, 811 So. 2d 258, 266 (Miss. App. 2001). The "general rule" is

3

that matter published in a judicial proceeding is "absolutely privileged." *Gunter v. Reeves*, 21 So. 2d 468, 470 (1945).

The reason for this rule regarding privileged communications, as discussed by the U.S. Supreme Court in *Abbott v. Tacoma Bank of Commerce*, 175 U.S. 409, 411 (1899), is that public policy "looks to the free and unfettered administration of justice…" The Court recognized that the privilege could be abused (although it has not been so abused in this case), but found that allowing suits for slander based on legal pleadings "would, we think, give rise to far greater hardships." *Id.* at 411.

The statements complained of by Defendant Harrell were made in a judicial proceeding, as confessed in her counterclaim at ¶ 3. Contrary to defendant's allegation, the claim that Defendant Harrell engaged in a romantic relationship that was observed by the children is directly relevant to the § 1983 claims brought by D.S. and the Brookshires, since it reveals Defendant Harrell's ulterior motive for keeping the children away from their parents.

Mississippi law also requires that the statement be "pertinent" to the particular defendant. *Hardtner v. Salloum*, 114 So. 621, 623-24 (1927). As held by the court in *Hardtner*, Plaintiffs cannot claim "scandalous or irrelevant matter against all of the opposite parties' kinfolks, neighbors and friends as privileged communication." In this case, D.S. and the Brookshires made a specific allegation against only one defendant. The allegation is not irrelevant; it was made for the

4

proper purpose of demonstrating that she had an improper motive in prolonging the proceedings against the Brookshires, to keep D.S. from going back to her home.

Defendant Harrell never claims that the statement was made in any other publication, which the court held in *Virginia College, LLC v. Martin*, 2012 U.S. Dist. LEXIS 96425 (S.D. Miss. 2012) could void the absolute privilege afforded by publication only in the legal pleadings.

Based on these precedents, the cursory allegations made in Defendant Harrell's counterclaim are not enough for this court to "draw the reasonable inference" that the Plaintiffs are liable for slander. *Iqbal*, 556 U.S. at 678. Instead, the Plaintiffs have raised allegations that are both pertinent and relevant to their claims about Defendant Harrell's misconduct in keeping the Plaintiffs' children in custody without justification.

**V.     Conclusion**

Public policy demands a "free and unfettered" judicial format, where allegations that are pertinent and relevant to the claims can be brought forward without fear of lawsuits just because the defendant objects to being cast in a bad light. Plaintiffs D.S. and the Brookshires have brought claims that Defendant Harrell improperly and unreasonably detained the children. Allegations like these that show an ulterior motive and tend to show why detention could have been extended are exactly the types to which the courts grant absolute privilege.

Defendant Harrell's counterclaim should be dismissed as failing to state a claim.

Respectfully submitted,


October 19, 2017                          /s/ Darren A. Jones
                                          Home School Legal Defense Association
                                          P.O. Box 3000
                                          Purcellville, VA 20134
                                          540-338-5600
                                          F: 540-338-1952
                                          darren@hslda.org
                                          *Counsel for Plaintiffs*
                                          *Admitted pro hac vice*


**CERTIFICATE OF SERVICE**

I do hereby certify that on this date I electronically filed the foregoing document with the Clerk of this Court using the ECF system which sent notification of this filing to counsel of record.

THIS the 19th day of October, 2017.

                                          /s/ Darren A. Jones
                                          Darren A. Jones