IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TOBIAS WARD, et al.                           PLAINTIFFS/COUNTER-
                                                           DEFENDANTS

v.                                                    Civil No. 1:17cv187-HSO-JCG

PHILANA HARRELL                              DEFENDANT/COUNTER-
                                                             PLAINTIFF

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS/COUNTER-DEFENDANTS' MOTION [39] TO DISMISS
COUNTERCLAIM AND DISMISSING COUNTERCLAIM [28]**

BEFORE THE COURT is the Motion [39] to Dismiss Counterclaim filed by Plaintiffs/Counter-Defendants Tobias Ward, Teresa Ward, the Wards' minor child T.W., Ronald Brookshire, Debra Brookshire, the Brookshires' minor children Ai.B. and Ao.B., Debra Brookshire's minor child D.S., Amy Spencer, and Spencer's minor children Ax.E. and Ah.E.  Plaintiffs/Counter-Defendants have filed an Amended Complaint in this Court pursuant to 42 U.S.C. § 1983, claiming that Defendants, including Defendant/Counter-Plaintiff Philana Harrell ("Harrell"), unreasonably seized and detained Plaintiffs' children in violation of the Fourth and Fourteenth Amendments.  The Amended Complaint also alleges that Harrell engaged in a romantic relationship with D.S.'s father, including sleeping with him in the same room as D.S.

In response, Harrell has filed a Counterclaim against all Plaintiffs for libel, on grounds that the allegation that Harrell was involved in a romantic relationship

with D.S.'s father was false and irrelevant to Plaintiffs' § 1983 claims. Plaintiffs now move to dismiss Harrell's Counterclaim on the basis that this allegation was made in connection with a judicial proceeding and is relevant to Plaintiffs' § 1983 claims, and is thus absolutely immune from a defamation action. After due consideration of the record, the submissions on file, and relevant legal authority, the Court finds that Plaintiffs' Motion [39] should be granted. Harrell's Counterclaim will be dismissed.

## I. BACKGROUND

A.  Plaintiffs' Amended Complaint

According to Plaintiffs' Amended Complaint [3], they and other members of their church traveled from their hometown of Atlanta, Georgia, to a conference in Baton Rouge, Louisiana, in July 2014. Am. Compl. [3] ¶ 19. On their return trip, Plaintiffs stopped in Gulfport, Mississippi, on July 24, 2014, *id.* at 6-7, and obtained rooms at a hotel, *id.* ¶ 26. Several children in the group left the hotel to seek donations for the church. *Id.* ¶ 28. After receiving a complaint, Gulfport Police Officers stopped the children and took them to the police station. *Id.* ¶ 32. Plaintiffs Ms. Spencer and Ms. Brookshire went to the police station, where they met Harrell, *id.* ¶¶ 34-35, who was a social worker employed by the Harrison County Department of Human Services, *id.* ¶ 7.

Harrell asked Ms. Brookshire if she had any children of her own, and Ms. Brookshire responded that she had three children who were with her husband at the hotel. *Id.* ¶ 49. The Amended Complaint alleges that Harrell, other Human

Services caseworkers, and police officers then went to the hotel. *Id.* ¶ 51. Harrell allegedly told Ms. Brookshire that she had a warrant and a court order to take the children into custody. *Id.* ¶ 55. When Ms. Brookshire inquired why her children were being removed, Harrell allegedly responded that Human Services did not believe that the children were hers. *Id.* ¶¶ 57-58.

Plaintiffs claim that Ms. Brookshire produced an identification card for D.S. and pictures of her two younger children, but Harrell advised that those were not sufficient. *Id.* ¶¶ 59-60. Ms. Brookshire later called Harrell to inquire what proof was needed, and Harrell responded that she needed to present the children's birth certificates and Social Security cards, after which the children would be released. *Id.* ¶ 62. Ms. Brookshire presented identification for the children, including family pictures, Social Security cards, and birth certificates, but Human Services refused to release the children to their parents. *Id.* ¶ 69. Harrell allegedly stated that she had decided to keep the children in custody because she believed the children were being trafficked. *Id.* ¶ 70.

On July 29, 2014, the Harrison County Youth Court held a hearing for Ai.B. and Ao.B., the Brookshires' children. *Id.* ¶ 90. The Amended Complaint alleges that Harrell misrepresented to the court that there was doubt about the parents' relationships to their children and that the children were in imminent danger. *Id.* ¶ 91-92. The court did not allow the children to be returned to their parents' custody at that time and the children were placed in foster care. *Id.* ¶¶ 93-96.

At another hearing held on August 27, 2014, Harrell allegedly continued to

make misrepresentations about the imminent danger facing the children, *id.* ¶ 112, and the court did not permit the children to be returned to their parents' custody, *id.* ¶ 113. However, Debra Brookshire's child D.S. was removed from foster care and placed in the custody of her biological father. *Id.* ¶ 123. The Amended Complaint alleges that "Harrell then began and conducted a romantic relationship for the next several months with D.S.'s father, including sleeping with him in the same room as D.S." *Id.* ¶ 124. Plaintiffs further assert that "Harrell bought gifts for D.S. while she was in her father's custody." *Id.* ¶ 125.

On the advice of their legal counsel, Mr. and Ms. Brookshire began living separately. *Id.* ¶ 133. After a court hearing held on October 9, 2014, Ai.B. and Ao.B. were returned to Ms. Brookshire's custody. *Id.* ¶ 141. Counts III and IV of the Amended Complaint allege that Defendants' seizure of Ai.B. and Ao.B. at the hotel violated Plaintiffs' Fourth Amendment right to be secure against unreasonable seizures and violated the Brookshires' Fourteenth Amendment right to the care, custody, and control of their children. *Id.* ¶¶ 183, 185. In Counts V and VI, Plaintiffs claim that the continued detention of Ai.B. and Ao.B. was unreasonable and thus violated the Fourth and Fourteenth Amendments. *Id.* ¶¶ 187, 190.

B. <u>Harrell's Answer and Counterclaim</u>

On September 11, 2017, Harrell filed an Answer and brought a Counterclaim for libel per se against Plaintiffs. Answer & Countercl. [28] at 35. Harrell took issue with the Amended Complaint's allegation that she had engaged in a romantic

relationship with D.S.'s biological father for several months, including sleeping with him in the same room as D.S. *Id.* Harrell claimed that Plaintiffs published this allegation knowing that it was false or in reckless disregard of the truth, *id.*, and that such allegation was not relevant to Plaintiffs' § 1983 claims, *id.*

C. <u>Plaintiffs' Motion to Dismiss</u>

Plaintiffs move to dismiss the Counterclaim, noting that the purportedly defamatory statement was made in a judicial proceeding, making it privileged from defamation claims. Pls.' Mem. [40] 3-4. Plaintiffs posit that the statement is relevant to the § 1983 claims brought by D.S. and the Brookshires because it demonstrates that Harrell had an improper motive in prolonging the proceedings against the Brookshires and keeping the Brookshires' children out of their custody. *Id.* at 4-5.

Harrell maintains that there is no nexus between the allegation that Harrell began a romantic relationship with D.S.'s father and any other facts or causes of action raised by Plaintiffs. Def.'s Mem. [44] at 4. Harrell asserts that Plaintiffs have not alleged that any improper motive that she may have had was predicated upon her alleged romantic relationship with D.S.'s father. *Id.* at 5.

## II. <u>DISCUSSION</u>

A. <u>Legal Standard</u>

To survive a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In considering a Rule 12(b)(6) motion, a court must accept all well-pleaded facts as true and view those facts in the light most favorable to plaintiff. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

B. <u>Analysis</u>

Harrell's Counterclaim does not assert the basis for the Court's subject-matter jurisdiction over her claim. District courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Plaintiffs' Amended Complaint raises claims under federal law, 42 U.S.C. § 1983, over which this Court has original jurisdiction. As Harrell's Counterclaim arises from Plaintiffs' action, the Court exercises its supplemental jurisdiction over the Counterclaim.

Harrell's Counterclaim advances a claim for libel per se. "Libel is a method of defamation expressed in writing." *McCullough v. Cook*, 679 So. 2d 627, 630 (Miss. 1996). Defamation, generally, "is an issue of state law." *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004). To establish a defamation claim under Mississippi law,

> an ordinary plaintiff must show: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Simmons Law Grp., P.A. v. Corp. Mgmt., Inc.*, 42 So. 3d 511, 517 (Miss. 2010).

Plaintiffs' Motion to Dismiss addresses the second element, specifically whether the statement constituted a privileged publication. "Statements made in connection with judicial proceedings, including pleadings, are, if in any way relevant to the subject matter of the action, absolutely privileged and immune from attack as defamation." *McCorkle v. McCorkle*, 811 So. 2d 258, 266 (Miss. Ct. App. 2001). This privilege applies "even if such statements are made maliciously and with knowledge of their falsehood." *Id.* Mississippi courts "favor a liberal rule" as to the degree of relevancy necessary to make an alleged defamatory statement privileged. *Hardtner v. Salloum*, 114 So. 621, 624 (Miss. 1927). "The matter to which the privilege does not extend must be so palpably wanting in relation to the subject-matter of the controversy that no reasonable man can doubt its irrelevancy and impropriety." *Id.* (citation omitted).

The Supreme Court of Mississippi has looked to the Restatement of Torts on

7

the issue of the judicial proceedings privilege. *Gunter v. Reeves*, 21 So. 2d 468, 470 (Miss. 1945). The Restatement explains that "[i]t is not necessary that the defamatory matter be relevant or material to any issue before the court. It is enough that it have some reference to the subject of the inquiry." Restatement (Second) of Torts § 587 cmt. c (1977). A party to litigation "is not answerable for defamatory matter volunteered or included by way of surplusage in his pleadings if it has any bearing upon the subject matter of the litigation." *Id.*

Here, the statement in question bears some relation to the subject-matter of the claims in the Amended Complaint. Plaintiffs contend that the Brookshires' children were unlawfully seized and detained as a result of Harrell's conduct, and that because of Harrell's wrongful conduct, D.S. was placed in the custody of her biological father. The allegation that Harrell began a romantic relationship with D.S.'s father is at least arguably related to the nature of the interaction between Harrell and the person in whose custody D.S. was placed as a result of Harrell's actions. Moreover, the claim supplies factual context for Harrell's interactions with D.S. while D.S. was removed from the Brookshires' custody, which according to Plaintiffs' claims, was a result of Harrell's unlawful conduct. The Court finds that this allegation satisfies the low threshold for relevany established by the Supreme Court of Mississippi, and Plaintiffs are thus immune from a defamation action for this allegation in their pleadings. Harrell's Counterclaim will be dismissed.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiffs/Counter-Defendants' Motion [39] to Dismiss is **GRANTED**, and Defendant/Counter-Plaintiff Philana Harrell's Counterclaim [28] is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 31st day of July, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE