**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**TOBIAS WARD, et al.**                                                          **PLAINTIFFS**

**v.**                                                          **Civil No. 1:17cv187-HSO-JCG**

**PHILANA HARRELL, et al.**                                                          **DEFENDANTS**


**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'**
**MOTIONS [29][35] TO DISMISS**

       BEFORE THE COURT is the Motion [29] to Dismiss filed by Defendants

Carolyn O'Banner, Mary Louis Castello, Patricia Burleson, Angela Bowie,[1]

Kimmonica Marks-Fairley,[2] Anita Watkins,[3] Denise Morgan,[4] Lana Hoda, Angela

Fountain, and Joy Richardson Harris.   Also before the Court is the Motion to

Dismiss [35] filed by Defendant Shirease Anderson.   After due consideration of the

record, the submissions on file, and relevant legal authority, the Court finds that

Defendants' Motions [29][35] should be granted.   However, Plaintiffs will be

granted thirty (30) calendar days within which to seek leave to amend their

pleadings to properly state a claim against these Defendants.   Plaintiffs' claims

against Defendant Philana Harrell will proceed.

---

[1]  Defendants assert that Defendant Angela Bowie was improperly named in the Amended Complaint as Angela
Bower.   The Court will refer to this Defendant as Angela Bowie.
[2]  Defendants assert that Defendant Kimmonica Marks-Fairley was improperly named as Kimmerce Fairley.
[3]  Defendants assert that Defendant Anita Watkins was improperly named as Anita Twiner.
[4]  Defendants assert that Defendant Denise Morgan was improperly named as Denise Krum.

I. BACKGROUND

A.    Factual Background

According to the factual allegations in the Amended Complaint [3], which is the operative pleading in this case, Plaintiffs Tobias Ward and Teresa Ward are the parents of Plaintiff T.W., a minor child, Am. Compl. [3] ¶ 4.   Plaintiffs Ronald and Debra Brookshire are the parents of Plaintiffs Ai.B. and Ao.B., minor children.   *Id.* ¶ 5.   Ms. Brookshire is also the parent of Plaintiff D.S., a minor child.   *Id.* Plaintiff Amy Spencer is the parent of Plaintiffs Ax.E. and Ah.E, minor children. *Id.* ¶ 6.

Plaintiffs are from Atlanta, Georgia, and are all members of the same church. *Id.* ¶ 19, 22.   In July 2014, Plaintiffs traveled to a church conference in Baton Rouge, Louisiana.   *See id.* ¶ 19.   On July 23, 2014, as Plaintiffs were returning to Atlanta from the conference, a member of their group suffered a medical emergency and was admitted to a hospital in Gulfport, Mississippi.   *Id.* ¶ 19, 24.   Plaintiffs obtained hotel rooms and remained in Gulfport while the church member underwent surgery.   *Id.* ¶ 25-26.

On July 24, 2014, Mr. and Ms. Ward traveled back to Baton Rouge to retrieve luggage that had been inadvertently left behind.   *Id.* ¶ 27.   The Wards left their daughter, T.W., in Gulfport in the custody of another church member.   *Id.*   That same day, five children in the group left the hotel to solicit donations for the church. *Id.* ¶ 28.   Officers of the Gulfport Police Department stopped the children and took them to the police station.   *Id.* ¶ 30, 32.

2

Ms. Spencer and Ms. Brookshire traveled to the police station to retrieve the children, *id.* ¶ 34, where they were met by Defendant Philana Harrell of the Harrison County Department of Human Services ("Human Services"), *id.* ¶ 35. Harrell informed Ms. Spencer that her daughters Ax.E. and Ah.E. were "panhandling" and that she needed proof from Ms. Spencer that she was the mother of her children.   *Id.* ¶ 36-37.   Though Ms. Spencer showed Harrell the children's identification and Social Security cards and one of their birth certificates, *id.* ¶ 38, Harrell would not release Ms. Spencer's daughters, *id.* ¶ 39.   Harrell called Ms. Ward, told her that her daughter T.W. was "panhandling," and directed her to bring T.W.'s birth certificate and Social Security card to the police station.   *Id.* ¶¶ 40-43. Harrell later informed Ms. Ward that she would not release any children because there were too many conflicting stories.   *Id.* ¶ 45.

After Ms. Brookshire informed Harrell that she had three children who were with her husband at the hotel, *id.* ¶ 49, Harrell, other Human Services caseworkers, and police officers allegedly descended upon the hotel, *id.* ¶ 51.   Harrell told Ms. Brookshire that she had a warrant and a court order to take all of the other children into custody because Human Services did not believe the children were hers.   *Id.* ¶¶ 55-58.   Ms. Brookshire presented Harrell with D.S.'s identification card and pictures of her two younger children, *id.* ¶ 59, but Harrell stated that these did not suffice, *id.* ¶ 60.

Ms. Brookshire later called Harrell and asked what proof Human Services needed.   *Id.* ¶ 61.   Harrell responded that the parents needed to present proof of

their children's identification, including birth certificates and Social Security cards, following which she would release the children.   *Id.* ¶ 62.   Plaintiff parents subsequently met with Harrell and other Human Services Defendants and presented identification, including family pictures, Social Security cards, and birth certificates, for all of the children in Human Services custody.   *Id.* ¶¶ 67-68. Defendants allegedly refused to release the children to their parents because Harrell indicated her belief that the children had been stolen and were being trafficked.   *Id.* ¶¶ 69-70.   Harrell advised Mr. Ward that his name was not on T.W.'s birth certificate and that she had twenty-one different addresses for the children.   *Id.* ¶ 72-73.   Harrell also told the parents that the addresses on the children's birth certificates did not match their current addresses.   *Id.* ¶ 74.

On July 29, 2014, the Harrison County Youth Court held hearings for T.W., Ai.B., Ao.B., Ax.E., and Ah.E.   *Id.* ¶ 90.   "Defendants Harrell, Harris, Anderson, [Morgan], Hoda, Burleson, [Marks-]Fairley, and O'Banner misrepresented to the court that there was doubt about the parents' relationships to their children," *id.* ¶ 91, and that "the children were in imminent danger," *id.* ¶ 92.   "Because of Defendants' misrepresentations, the court did not allow any of the Plaintiff children to be returned to the custody of Plaintiff parents."   *Id.* ¶ 93.   The children were placed in foster care.   *Id.* ¶ 96.

On August 27, 2014, another hearing was held, *id.* ¶ 100, and "Harrell, Hoda, Castello, and O'Banner continued to make misrepresentations to the court about the 'imminent danger' the children were in," *id.* ¶ 112.   The court again did not

permit any of the children to be returned to their parents' custody.   *Id.* ¶ 113.   The next hearing occurred on September 3, 2014, at which "Harrell and Castello continued to make misrepresentations to the court about the 'imminent danger' the children were in."   *Id.* ¶¶ 114-15.

Ms. Spencer's children were removed from foster care and placed in the custody of their biological father.   *Id.* ¶ 122.   D.S. was removed from foster care and placed in the custody of her biological father.   *Id.* ¶ 123.   According to the Amended Complaint, Harrell now claimed that T.W. could not be safely released to the Wards because they did not have driver's licenses and there was an outstanding warrant for Mr. Ward's arrest on another matter.   *Id.* ¶ 127, 129.   T.W. remained in foster care.   *Id.* ¶ 131.

On advice of counsel, Mr. and Ms. Brookshire began living separately.   *Id.* ¶ 133.   At the next hearing held on October 9, 2014, the Brookshires argued that since they were living separately, their children should be released to Ms. Brookshire.   *Id.* ¶¶ 136-37.   Over Harrell's objection, the court ordered that Ai.B. and Ao.B. be returned to Ms. Brookshire.   *Id.* ¶ 139, 141.   The court also released T.W. to the Wards' custody.   *Id.* ¶ 143-44.

On October 21, 2014, an attorney for several of the families wrote to the judge, describing problems with Harrell's lack of objectivity.   *Id.* ¶ 152.   The judge forwarded the letter to Defendant Anita Watkins, Regional Director of Human Services, suggesting that she should consider a change in the worker handling the cases to avoid any appearance of impropriety.   *Id.* ¶ 154.   Harrell allegedly

refused to remove herself from the case.   *Id.* ¶ 156.

At the next hearing on December 4, 2014, Defendants Harrell, Fountain, Watkins, and O'Banner objected to releasing Ms. Spencer's children to her, however, the court issued an order on December 9, 2014, that Ms. Spencer's children be returned.   *Id.* ¶ 164-65.

B.   Procedural History

On June 28, 2017, Plaintiffs filed a Complaint [1] in this Court, advancing claims for violations of their constitutional rights.   On June 29, 2017, Plaintiffs filed an Amended Complaint [3].   Counts I and II of the Amended Complaint claim that Defendants' seizure of T.W., Ax.E., and Ah.E. at the police station violated their Fourth Amendment rights against unreasonable seizures and their parents' Fourteenth Amendment rights to the care, custody, and control of their children. Am. Compl. [3] at 26-27.   Counts III and IV allege that Defendants' seizure of Ai.B. and Ao.B. at the hotel violated the children's Fourth Amendment rights and their parents' Fourteenth Amendment rights, *id.* at 27-28, and in Counts V and VI, Plaintiffs assert that the continued detention without justification of T.W., Ax.E., Ah.E., Ai.B., and Ao.B. also violated the Fourth and Fourteenth Amendments.   *Id.* at 28-30.

On September 15, 2017, Defendants O'Banner, Castello, Burleson, Bowie, Marks-Fairley, Watkins, Morgan, Hoda, Fountain, and Harris filed a Motion [29] to Dismiss.   Defendant Anderson filed her Motion [35] to Dismiss on September 22, 2017, raising similar arguments to those contained in the other Defendants' Motion

[29].   Defendants first contend that Plaintiff D.S. has failed to state a claim against them, as D.S. is not identified as a Plaintiff in any of the asserted claims described in the Amended Complaint and the Amended Complaint contains no allegations of wrongdoing as to D.S.   Defs.' Mem. [30] at 12.

Defendants next argue that the Amended Complaint fails to allege sufficient facts to support a claim under 42 U.S.C. § 1983 or overcome Defendants' qualified immunity.   Defs.' Mem. [30] at 1.   Defendants posit that many of the allegations in the Amended Complaint constitute mere legal conclusions and set forth no facts to support many of Plaintiffs' claims.   *Id.* at 13-15.   Defendants also assert that there are no facts alleged demonstrating that these Defendants were involved in the decision to take the children into custody or in the investigation regarding the parents or the children.   *Id.* at 14.   Defendants contend that the Amended Complaint's claims that group Defendants together fail to allege specific facts as to each individual Defendant, and thus do not meet the standard for stating a claim for a constitutional violation against a governmental official.   *Id.* at 14, 16-17. Lastly, Defendants maintain that the Amended Complaint does not meet the threshold of asserting sufficient facts to overcome Defendants' qualified immunity. *Id.* at 18.

On October 19, 2017, Plaintiffs filed their combined Response [41] to the Motions [29][35].   Plaintiffs counter that they have sufficiently alleged that Defendants' refusal to release the children into their parents' custody after the parents presented proof of parentage violated their constitutional rights, Pls.' Resp.

7

[41] at 12, and that the Amended Complaint properly alleges that Defendant

O'Banner had an "unconstitutional view" against Plaintiffs' involvement in religion,

*id.* Plaintiffs contend that Defendants' alleged misrepresentations in court were

directly responsible for the continued separation of the children from their parents.

*Id.* at 12-13. Plaintiffs also argue that Defendants' objections at the December 4,

2014 hearing to returning Ms. Spencer's children constituted an unconstitutional

attempt to keep the family apart. *Id.*

Plaintiffs maintain that Defendants are not entitled to qualified immunity

because Plaintiffs have alleged that the continued detention of the minor Plaintiffs

was unreasonable and violated the Fourth Amendment, and it was clearly

established law that removing children from their parents required justification.

*Id.* at 16-17. Lastly, Plaintiffs seek alternative relief in the form of discovery or

leave to amend their Amended Complaint, rather than dismissal. *Id.* at 18-19.

Defendants counter in their Reply that the alleged objections raised by

Defendants at the December 4, 2014 hearing were not accepted by the court, as

evidenced by the fact that the court entered an order placing the children with Ms.

Spencer following the hearing. Reply [46] at 4. With regard to the allegations of

Defendants' misrepresentations in court, Defendants assert that testimony

presented in court is entitled to absolute immunity from § 1983 suits. *Id.* at 6.

Defendants urge the Court to deny Plaintiffs' request for discovery because a formal

motion for discovery has not been filed. *Id.* at 7-8.

On December 14, 2017, the Court entered an Order [48] of Dismissal of

Defendant Denise Morgan, dismissing all claims against her without prejudice.

## II. DISCUSSION

A.   Legal Standard

1.   Motion to Dismiss under Rule 12(b)(6)

To survive a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.* (citing *Twombly*, 550 U.S. at 556).

In considering a Rule 12(b)(6) motion, a court must accept all well-pleaded facts as true and view those facts in the light most favorable to plaintiff.   *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015).   However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."   *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Id.*   "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."   *Id.* at 679.

2.   Qualified Immunity

"Section 1983 provides a civil remedy in federal court for violations, under

color of state law, of a person's constitutionally recognized rights, privileges, or immunities."   *Bledsoe v. City of Horn Lake*, 449 F.3d 650, 653 (5th Cir. 2006). "[T]o state a valid claim under § 1983, Plaintiffs must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person or entity acting under color of state law."   *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998) (citation and quotation marks omitted).

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."   *McClendon v. City of Columbia*, 305 F.3d 314, 322 (5th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).   Plaintiffs bringing suit against public officials in their individual capacities under 42 U.S.C. § 1983 must conform with heightened pleading requirements.   *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995). This heightened pleading standard requires more than conclusory allegations; "it requires claims of specific conduct and actions giving rise to a constitutional violation."   *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996); *see also Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999) ("heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury").

"Nor does a complaint suffice if it tenders naked assertions devoid of further

10

factual enhancement." *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).   "[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

B.   Analysis

1.   Plaintiff D.S.

Defendants contend that Plaintiff D.S. has failed to state a claim against them because there are no factual allegations made on behalf of D.S. in the Amended Complaint of wrongdoing by Defendants as to D.S.   Defs.' Mem. [30] at 12.   Plaintiffs do not seem to offer a counterargument to this point.   Having reviewed the Amended Complaint, the Court agrees it does not contain sufficient factual allegations to state a plausible claim for relief on behalf of D.S. Defendants' Motions as to Plaintiff D.S. will be granted.

2.   Remaining Plaintiffs' Claims against Defendants

a.   Shotgun Allegations

The Amended Complaint contains numerous allegations and claims that are pleaded collectively against "Defendants."   For example, the Amended Complaint states that "Defendants refused to release the children to their parents," Am. Compl. [3] ¶ 69, "Defendants seized Plaintiffs," *id.* ¶¶171-77, and "Defendants' seizure of the minor children" violated Plaintiffs' constitutional rights, *id.* ¶179-85.

11

Defendants take issue with these allegations, contending that they fail to provide specific facts setting forth the alleged misconduct with the requisite specificity to sufficiently state a claim.   Defs.' Mem. [30] at 13-16

The Court agrees that Plaintiffs' allegations lumping Defendants collectively are insufficient to survive a motion to dismiss.   *See Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-CV-3435, 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015) ("A complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct.").   This practice is known as "shotgun pleading," that is "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."   *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).   Such a "'shotgun approach' to pleadings, where the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick, is to be discouraged."   *S. Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783, 788 (5th Cir. 1986) (citation omitted).   "Shotgun complaints are subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."   *Copeland v. Axion Mortg. Grp. LLC*, No. 1:16CV159-HSO-JCG, 2016 WL 4250431, at *4 (S.D. Miss. Aug. 11, 2016).

Such shotgun allegations appear throughout the Amended Complaint's recital of the factual background and causes of action.   These allegations do not give adequate notice of the claims against each Defendant.   The Court will

12

disregard such allegations for purposes of resolving Defendants' Motions, as these allegations are an insufficient basis to state a plausible claim for relief.

       b.   <u>Plaintiffs' Claims Against Defendant Bowie</u>

The Amended Complaint alleges that Defendant Angela Bowie was a social worker for Human Services.   Am. Compl. [3] ¶ 18.   Beyond identifying Bowie as a Human Services employee, the Amended Complaint contains no specific factual allegation as to Bowie, nor does it allege how she was involved, if at all, with the facts giving rise to this case.   The Amended Complaint fails to state a plausible claim for relief against Bowie.

       c.   <u>Plaintiffs' Claims Against Defendants Anderson, Burleson, Castello, Harris, Hoda, Marks-Fairley, and Morgan</u>

Plaintiffs assert that at the July 29, 2014 hearing, Anderson, Burleson, Harris, Hoda, Marks-Fairly, and Morgan "misrepresented to the court that the there was doubt about the parents' relationships to their children" and "misrepresented to the court that the children were in imminent danger."   Am. Compl. [3] ¶ 91-92.   Plaintiffs claim that "[b]ecause of Defendants' misrepresentations, the court did not allow any of the Plaintiff children to be returned to the custody of Plaintiff parents."   *Id.* ¶ 93.   The Amended Complaint also alleges that Castello and Hoda "continued to make representations to the court about the 'imminent danger' the children were in" at the August 27, 2014 hearing, *id.* ¶ 112, and that at the September 3, 2014 hearing, Castello "continued to make representations to the court about the 'imminent danger' the children were in," *id.* ¶ 115.

The Amended Complaint contains no other allegation that sets forth any specific conduct taken by these Defendants.   Plaintiffs do not assert that these Defendants were involved in the decision to place the children into custody or in the investigation regarding the identity of the parents of the children.   Moreover, a child protective services worker's testimony in court "constitutes witness testimony that is absolutely immune from section 1983 liability."   *Stem v. Ahearn*, 908 F.2d 1, 6 (5th Cir. 1990).   This is insufficient to properly state a claim against these Defendants, and the Motions to Dismiss will be granted as to these Defendants.

> d.    Plaintiffs' Claims Against Defendant Watkins

Plaintiffs contend that the judge "suggest[ed]" that Watkins "should consider" changing the caseworker assigned to Plaintiffs' case.   Am. Compl. [3] ¶ 154.   The Amended Complaint does not allege that this was a court order, or even a recommendation to change the caseworker, but a mere suggestion to consider a change.   Plaintiffs do not allege that Watkins failed to act on the letter or responded improperly.

Plaintiffs also allege that Watkins objected to releasing Ms. Spencer's children to her at the December 4, 2014 hearing.   *Id.* ¶ 164.   As evidenced by the Amended Complaint, this objection was ultimately not accepted, as the court issued an order on December 9, 2014, placing Ms. Spencer's children with her.   *Id.* ¶ 165. Based on the foregoing, there are no specific factual allegations that would permit this Court to infer that Watkins' objection led to a violation of Plaintiffs' constitutional rights.   Plaintiffs have not claimed that Watkins was involved with

14

initial investigation or with placing the children into Human Services custody, but merely that Watkins asserted a legal position at a court hearing that was rejected. Based on these allegations, Plaintiffs have not pleaded a claim that Watkins violated Plaintiffs' constitutional rights.

e.    Plaintiffs' Claims Against Defendant Fountain

The Amended Complaint alleges that Defendant Angela Fountain was a social worker for Human Services.   Am. Compl. [3] ¶ 17.   The only other specific allegation against Fountain is that she objected to Ms. Spencer's children being released at the December 4, 2014 hearing.   *Id.* ¶ 164.   Again, this objection was not accepted, and the court returned Ms. Spencer's children to her on December 9, 2014.   The Amended Complaint fails to allege how Fountain contributed to the alleged seizure of the children, and her Motion to Dismiss will be granted.

f.    Plaintiffs' Claims Against Defendant O'Banner

Plaintiffs claim that Defendant O'Banner told Ms. Brookshire that "you do not know who you're dealing with, but if you want to get your kids back, you need to leave that church group."   Am. Compl. [3] ¶ 71.   According to the Amended Complaint, the children were already in custody pursuant to a youth court order at the time O'Banner allegedly made this statement.   The Amended Complaint does not state any facts tending to demonstrate that O'Banner was involved in the decision to take the children from the police station or the hotel and place them into custody.

The Amended Complaint further alleges that at the July 29, 2014 hearing,

15

O'Banner "misrepresented to the court that there was doubt about the parents' relationships to their children" and that "the children were in imminent danger." *Id.* ¶¶ 91-92.   In addition, O'Banner also "continued to make representations to the court about the 'imminent danger' the children were in" at the August 27, 2014 hearing, *id.* ¶ 112, and objected to releasing Ms. Spencer's children to her at the December 4, 2014 hearing, *id.* ¶ 164.   As discussed above, these allegations do not support a plausible claim for relief, and Plaintiffs have failed to allege a sufficient factual basis to support a claim against O'Banner for a deprivation of Plaintiffs' constitutional rights.

> 3.   Plaintiffs' Request for Alternative Relief

Plaintiffs request in the alternative that, rather than dismissing the Amended Complaint, the Court should permit discovery to determine whether Plaintiffs are entitled to discovery.   Pls.' Resp. [41] at 17-18.   In an Order entered on September 18, 2017, the Magistrate Judge ruled that "[d]iscovery on the issue of qualified immunity will not be allowed except by formal motion and the Court's determination that it cannot rule absent further clarification of the facts."   Local Uniform Civil Rule 7(b) states that "[a]ny written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed by this Rule."   Moreover, "[a] response to a motion may not include a counter-motion in the same document.   Any motion must be an item docketed separately from a response."   L.U. Civ. R. 7(b)(3)(C).   Plaintiffs have not filed a motion for discovery as required by the Local

16

Rules.

Nor have Plaintiffs shown that they are entitled to discovery. "One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe*, 691 F.3d at 648. Once a defendant has asserted qualified immunity, discovery "must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995) (citations omitted) (emphasis in original). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Because Plaintiffs have not stated a claim for relief against the moving Defendants, Plaintiffs have not established that they are entitled to discovery.

Plaintiffs also seek leave to amend their Amended Complaint should the Court find that Plaintiffs have failed to state a plausible claim for relief. Pls.' Resp. [41] at 18. Plaintiffs have not filed a motion for leave to amend, as required by the Local Uniform Civil Rules. Nevertheless, "a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibly result in dismissal of the complaint with prejudice to refiling. Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). It is unclear at this juncture of the case whether any

amendments to the Amended Complaint would be futile.  *Cf. Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile.").    Accordingly, the Court will grant the Motions to Dismiss and dismiss the Amended Complaint as to all claims against the moving Defendants, without prejudice to Plaintiffs seeking leave to amend their pleadings within thirty (30) calendar days of the entry of this Order. If Plaintiffs do not properly seek leave to amend by that deadline, Plaintiffs' claims against the moving Defendants will be dismissed with prejudice.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendants Carolyn O'Banner, Mary Louis Castello, Patricia Burleson, Angela Bowie (improperly named Angela Bower), Kimmonica Marks-Fairley (improperly named Kimmerce Fairley), Anita Watkins (improperly named Anita Twiner), Denise Morgan (improperly named Denise Krum), Lana Hoda, Angela Fountain, and Joy Richardson Harris' Motion [29] to Dismiss is **GRANTED**, and Defendant Shirease Anderson's Motion [35] to Dismiss is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that all Plaintiffs' claims against these Defendants are **DISMISSED, WITHOUT PREJUDICE** to Plaintiffs seeking leave to amend their Amended Complaint within thirty (30) calendar days of the entry of this Order.   If Plaintiffs do not seek leave to amend by this deadline, the dismissal will be with prejudice.

**SO ORDERED AND ADJUDGED**, this the 31st day of July, 2018.

_s/ Halil Suleyman Ozerden_

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

19