Last Updated: February 2018
FORM 1 (ND/SD MISS. JAN. 2018)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TOBIAS WARD**, *et al.*             **PLAINTIFFS**

v.             CIVIL ACTION
            NO. **1:17-cv-00187-HSO-JCG**

**PHILANA HARRELL**             **DEFENDANT**

# CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**     7-10

   **ESTIMATED TOTAL NUMBER OF WITNESSES:**     20-25

   **EXPERT TESTIMONY EXPECTED:** Yes     **NO. OF EXPERTS:**     5-7

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].** (Pick one)

   At the time this Case Management Order is offered it does not appear that alternative dispute resolution techniques will be used in this civil action.

   Additional Information:

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.** (Pick one)

   The parties do not consent to trial by a United States Magistrate Judge.

FORM 1 (ND/SD MISS. JAN. 2018)

4. **DISCLOSURE.** (Pick one)

   The pre-discovery disclosure requirements of Fed.R.Civ.P.26(a)(1) and U.L.Civ.R. 16(d) and 26(a) have been complied with fully.

5. **MOTIONS; ISSUE BIFURCATION.** (Pick one)
   Staged resolution, or bifurcation of the issues for trial in accordance with FED. R. CIV. P. 42 (b) will not assist in the prompt resolution of this action.

   Statement Not Applicable.

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   A. Interrogatories are limited to __35__ succinct questions.

   B. Requests for Production are limited to __30__ succinct questions.

   C. Requests for Admissions are limited to __30__ succinct questions.

   D. Depositions are limited to the parties, experts, and no more than __15__ fact witness depositions per party without additional approval of the Court.

    **E.**    The parties have complied with the requirements of Local Rule 26(f)(2) and (3)(C) regarding discovery of electronically stored information and have concluded as follows:

To the extent that either party possess electronically stored information, it will be obtained provided, except as privileged, for which a privilege log will be prepared and submitted to the other party.

In the event ESI arises, the parties will disclose via hard copy.

    **F.**    The court imposes the following further discovery provisions or limitations:

[✓] 1. The parties have agreed that defendant may obtain a Fed.R.Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court. The examination must be completed in time to comply with expert designation discovery deadlines.

[✓] 2. Pursuant to FED.R.EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

[✓] 3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

[ ] 4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

[✓] 5. Other:

The parties are in the process of working out an order that will provide for disclosure of the court proceedings before the County Court of Harrison County, Youth Court Division. When the parties have worked out an order, it will be submitted to the Court.

FORM 1 (ND/SD MISS. JAN. 2018)

Additional information:

7. **SCHEDULING DEADLINES**

   A. **Trial.** This action is set for __JURY TRIAL__ during a __three-week__ term of court beginning on: __February 3, 2020__, at __9:00__, __a.m.__, in __Gulfport__, Mississippi, before United States __District__ Judge __Halil S. Ozerden__.

   THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS __7-10__. ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.** The pretrial conference is set on: __January 21-23, 2020__, at __9:00__, __a.m.__, in __Gulfport__, Mississippi, before United States __District__ Judge __Halil S. Ozerden__.

   C. **Discovery.** All discovery must be completed by: __July 19, 2019__.

   D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be filed by: __January 4, 2019__.

   E. **Experts.** The parties' experts must be designated by the following dates:

      1. Plaintiff(s): __March 4, 2019__.

      2. Defendant(s): __April 4, 2019__.

FORM 1 (ND/SD MISS. JAN. 2018)

8. **MOTIONS.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: August 2, 2019 . The deadline for motions *in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference.

9. **SETTLEMENT CONFERENCE.**

    A SETTLEMENT CONFERENCE is set on: October 2, 2019 , at 9:30 , a.m. in Gulfport , Mississippi, before United States Magistrate Judge John C. Gargiulo .

    Seven (7) days before the settlement conference, the parties must submit via e-mail to the magistrate judge's chambers an updated CONFIDENTIAL SETTLEMENT MEMORANDUM. All parties are required to be present at the conference unless excused by the Court. If a party believes the scheduled settlement conference would not be productive and should be cancelled, the party is directed to inform the Court via e-mail of the grounds for their belief at least seven (7) days prior to the conference.

10. **REPORT REGARDING ADR.** On or before (7 days before FPTC) January 14, 2020 , the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3)*.

**SO ORDERED:**

11/29/2018  
DATE

s/ John C. Gargiulo  
UNITED STATES MAGISTRATE JUDGE